IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) JORDAN KIME,

    Plaintiff,

v.

(1) BEAR TRACKS HOLDINGS, LLC
    d/b/a BLACK BEAR DINER,

    Defendant.

Case No. 21-CV-00715-HE

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT**

    Plaintiff Jordan Kime hereby objects and responds to the Motion for Summary Judgment filed by Defendant Bear Tracks Holding, LLC d/b/a Black Bear Diner (Doc. 27) and respectfully requests this Court to deny same. Specifically, Plaintiff would show this Court that the ice on the sidewalk where she slipped and fell was not open and obvious, such that Defendant is not entitled to judgment as a matter of law.

**Statement of the Case**

    On or about February 10, 2021, Plaintiff was a customer and invitee on Defendant's business premises, the Black Bear Diner located in Moore, Oklahoma. When Plaintiff left the Diner, she slipped and fell on a patch of black ice in the sidewalk on the way to the parking lot. Defendant knew or should have known that the sidewalk was icy, as a Door Dash driver had already slipped and fallen due to black ice on the sidewalk an hour and fifteen minutes before. Nonetheless, Defendant failed to make the premises safe for Plaintiff.

1

**Plaintiff's Response to Defendant's Statement of Undisputed Facts**

A party seeking summary judgment must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether a genuine dispute exists, this Court must "view[] the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party." Blocker v. ConocoPhillips Co., 378 F. Supp. 3d 1066, 1069 (W.D. Okla. 2019). Summary judgment is not proper if "the evidence is susceptible of different interpretations or inferences by the trier of fact" or "reasonable people might differ as to its significance." Id. at 1072 (citing Hunt v. Cromartie, 526 U.S. 541 (1999)). Such is the case here:

1. Plaintiff admits she slipped and fell when leaving Black Bear Diner on February 10, 2021.

2. Plaintiff objects to this Statement as being vague, speculative, misleading, and/or irrelevant.[1] Notwithstanding this objection, Plaintiff admits that temperatures were below freezing on February 10, 2021, and that the weather included intermittent precipitation. [*See* Exhibit 1, Kime depo., 23:22-24:1 (testifying that she did not recall any precipitation when she left the Diner).] Plaintiff's general awareness of the weather does not prove, however, that she knew or should have known that the sidewalk where she fell had ice on it, or that she could actually see the ice, when she exited Black Bear Diner.

---

[1] In fact, Defendant's Exhibit 3 shows "trace amounts" to "0.10 of an inch" of precipitation.

3. See Response No. 2, *supra*.

4. See Response No. 2, *supra*.

5. Plaintiff objects to this Statement as being misleading and irrelevant and, therefore **denies** same. Plaintiff saw ice on <u>part</u> of the sidewalk as she was entering Black Bear Diner. [Exhibit 1, Kime depo., 17:1-10, 17:24-1, 67:7-12.] Plaintiff did not see ice on the sidewalk where and when she fell. [Exhibit 1, Kime depo., 19:14-22, 22:6-10, 49:1-50:1, 63:17-18, 67:7-68:2.] And, of course, some ice is visible, but "black ice" is not. [Exhibit 1, Kime depo., 67:7-68:2; Exhibit 2, Guido depo., 163:21-24; Exhibit 3, Witness Statement of Larry Doughtery.[2]]

6. Plaintiff objects to this Statement as being speculative and irrelevant. Indeed, Plaintiff's general understanding that, at some point, precipitation may turn into ice is **meaningless** in light of her testimony that she did not actually see ice on the sidewalk where she fell. [*See also* Response No. 5, *supra.*]

7. Plaintiff objects to this Statement as being misleading and/or irrelevant. Notwithstanding this objection, Plaintiff admits she was looking at the ground as she exited the Black Bear Diner. Again, however, Plaintiff did not see ice on the sidewalk where she slipped and fell. [*See also* Response No. 5, *supra*.]

8. Plaintiff objects to this Statement—and particularly the reference to "the presence of ice on the ground"—as being vague, misleading, irrelevant, and/or unsupported. Notwithstanding this objection, Plaintiff admits she noticed ice accumulating on <u>part</u> of

---

[2] Mr. Dougherty has been listed on Plaintiff's Initial Disclosures (Doc. 11), in discovery, and on Plaintiff's Final Witness List (Doc. 21) as a witness who will testify to his statement.

the sidewalk as she walked into Black Bear Diner and, therefore, avoided that part of the sidewalk. She did not see ice on the sidewalk when and where she slipped and fell as she walked out of Black Bear Diner. [*See also* Response No. 5, *supra*.]

9. Plaintiff **denies** that "Defendant did not contribute to the accumulation of ice on the Diner's sidewalk." Indeed, Plaintiff testified that Defendant's banner was dripping, which created the visible accumulation of ice on the sidewalk where she did not actually walk. [*See* Exhibit 1, Kime depo., 17:1-10.] Plaintiff further denies this Statement insofar as Defendant did not prevent and/or treat the black ice where Plaintiff slipped and fell [*see* Exhibit 1, Kime depo., 17:1-23, 34:24-35:23] or warn her of its presence [*see* id. at 24:5-20]. [*See also* Supp. Facts Nos. 1-5, *infra*.] She does not know when or how the black ice formed. [Exhibit 1, Kime depo., 68:3-7; *see also* Exhibit 3, Witness Statement of Larry Doughtery.]

10. Plaintiff **denies** this Statement for the same reasons set forth in Response No. 9, *supra*, and to the extent Defendant's acts and/or omissions may be deemed reckless.

### Plaintiff's Supplemental Statement of Undisputed Material Facts

Summary judgment is not proper where, as here, the moving party omits a material fact "from which a right to judgment necessarily and unavoidably flow[s] as a matter of law." *See* Columbia Mut. Ins. Co. v. Heriford, 518 S.W.3d 234, 243 (Mo. Ct. App. 2017); *see also* In re MacFarline, 2000 OK 87, ¶ 4, 14 P.3d 551, 555 ("[I]f a moving party has not addressed all material facts, or one or more such facts are not appropriately supported by the evidentiary materials submitted, summary judgment for the movant is not proper."). In this case, Defendant's failure to address the following undisputed material facts is fatal, as

they clearly show Defendant knew or should have known of the unsafe condition posed by black ice on the sidewalk where Plaintiff slipped and fell, but took no action to warn Plaintiff or protect her from same:

1. As a matter of written policy in February 2021, Defendant was supposed to "inspect the diner"—including the sidewalks—"for potential hazards" and "[r]espond to any identified hazards quickly and positively." [Exhibit 2, Guido depo., 53:7-54:14, 55:4-20, 73:8-16; Exhibit 4, IIPP at pp. 1 & 5; *see also* Exhibit 5, Standard Operating Procedures at p. 41 (noting the responsibility to maintain sidewalks "[f]ree from slip, trip and fall hazards").]

2. As a matter of unwritten policy in February 2021, in case of ice on sidewalks, Defendant was supposed to apply ice melt. [Exhibit 2, Guido depo., 52:21-53:3, 89:16-90:25.]

3. Defendant did not document when (or whether) these policies were implemented on February 10, 2021. [Exhibit 2, Guido depo., 54:15-55:3, 91:19-92:13, 139:25-140:8.]

4. Defendant does not use warning signs on the sidewalk in case of ice. [Exhibit 2, Guido depo., 23:22-24:6, 51:10-53:6; *see also* Exhibit 1, Kime depo., 24:5-20.] This is so, even though Defendant admits that safety would be enhanced for its customers if it did. [*See* Exhibit 2, Guido depo., 95:4-8.]

5. On February 10, 2021, a Door Dash driver also slipped and fell due to black ice on the sidewalk **before** Plaintiff slipped and fell at 1:30 PM. [Exhibit 2, Guido depo., 102:12-20, 138:15-21; Exhibit 6, Guest Incident Reports dated 2/10/21.]

**Argument and Authority**

**I.    Defendant is not entitled to summary judgment on the issue of liability.**

The parties here "stand in an undisputed invitor-invitee relationship." *See* Rogers v. Hennessee, 1979 OK 138, ¶ 3, 602 P.2d 1033, 1034. "The law casts on the invitor the duty to exercise reasonable care to keep the premises in a reasonably safe condition and to warn invitees of conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like." Id.; *see also* Williams v. Safeway Stores, Inc., 1973 OK 119, ¶ 3, 515 P.2d 223, 225 ("A storekeeper owes customers the duty to exercise ordinary care to keep…parts of the premises ordinarily used by customers in transacting business in a reasonably safe condition, and to warn customers of dangerous conditions upon the premises which are known, or which should reasonably be known to the storekeeper, but not to customers. Knowledge of the dangerous condition will be imputed to the storekeeper if he knew of the dangerous condition, or if it existed for such time it was his duty to know of it….") (citations omitted).

Defendant's Motion for Summary Judgment argues that the ice on the sidewalk where Plaintiff slipped was not a "hidden danger" but an "open and obvious" natural accumulation of ice, citing Buck v. Del City Apartments, Inc., 1967 OK 81, 431 P.2d 360, *inter alia*.[3] The evidence in Buck showed that a "heavy snow" had fallen and "remained on the ground on…the day of [the plaintiff's] injury." *See* id. at ¶ 17, 364-5. That is, the

---

[3] This argument is obviously nothing more than a litigation fix. [*See also* Exhibit 2, Guido depo., 161:4-22.] Indeed, Defendant's corporate representative testified that "black ice" is "ice that you can't see" and agreed that, if something cannot be seen then, by definition, it is hidden. [*See* Exhibit 2, Guido depo., 163:21-164:5.]

6

weather conditions were "equally as apparent to" the plaintiff as to the defendant **as a matter of fact** in Buck. *See* id. at ¶ 22, 365. Notably, however, "[t]he Buck opinion does not hold that natural accumulations of ice and snow constitute open and obvious hazards as a matter of law." *See* Brown v. Alliance Real Estate Group, 1999 OK 7, ¶ 4, 976 P.2d 1043, 1044. "Instead, Buck reasoned that **perceptible** hazards created by the elements, such as the accumulation of ice and snow, are universally appreciated by all reasonable people using due care and circumspection." Id. (emphasis added). "'Black ice' is not an ordinarily perceptible hazard, nor is it within ordinary knowledge such as an ordinary accumulation of ice and snow." Id. at ¶ 5, 1045; *see also* Wood v. Mercedes Benz of Oklahoma City (Combs, J., dissenting), 2014 OK 68, ¶ 9, 336 P.3d 457, 466 ("Central to the entire determination in Brown, and its application of Buck, is the fact that the black ice was not something a visitor could be expected to see or appreciate the danger of."). Whether Plaintiff slipped on a visible accumulation of ice or "black ice" is a genuine issue of material fact for a jury to decide in this case.

      Why Defendant even filed a Motion for Summary Judgment is unclear, given its own admission that the issue of whether it owed a duty to Plaintiff to apply ice melt or otherwise clear the sidewalks is **in dispute**. [*See* MSJ (doc. 27) at p. 11.] Notably in this regard, Defendant omits any mention of the fact that a Door Dash driver also slipped and fell (as Plaintiff later did) and put Defendant on actual notice of the hidden danger of black ice on the sidewalk. [Supp. Fact No. 5.] The facts of this case therefore more closely resemble those at issue in Brown, such that a similar outcome is warranted.

Linda Brown was injured when she slipped and fell on a patch of black ice outside the door of the defendant/real estate office. See id. at ¶ 2, 1044. The evidence showed the patch of black ice "was not visible upon due care" and that "another person had slipped and fallen on the same patch of 'black ice' earlier the same day and had informed an employee in the real estate office of the dangerous invisible patch of ice." Id. at ¶ 5, 1045. The defendant/real estate office was therefore "on notice" of the black ice. See id. at ¶ 6, 1045. Under the circumstances, the Court found "one might easily infer that the property owner had sufficient notice of the hazardous condition to create a duty to warn invitees of the unseen danger," and that summary judgment in defendant's favor was inappropriate. See id. at ¶ 7, 1045. "In other words, the owner had a duty to protect the plaintiff in *Brown* from the black ice because 1) it was not an ordinarily perceptible hazard (nor did the particular plaintiff see it) and 2) the owner knew it was there and dangerous because it had already caused an accident." Wood (Combs, J., dissenting) at ¶ 9, 466.

The evidence in this case is that Defendant was supposed to conduct a daily inspection of the Diner—including the sidewalks—to identify **and remove** any slip-and-fall hazards. [Supp. Fact No. 1.] On February 10, 2021, the weather was such that ice could possibly form on the sidewalks. [*See* Response Nos. 2-4.] In fact, visible ice had accumulated on part of the sidewalk and black ice had formed on other parts. [*See* Response Nos. 5-8.] In case of ice on sidewalks, Defendant was supposed to apply ice melt. [Supp. Fact No. 2.] Whether Defendant did or not is unknown. [*See* Supp. Fact No. 3.] Even **if** Defendant did apply ice melt (which is a genuine dispute of material fact), it admits that customers would have been safer if it had also posted warning signs. [*See* Supp. Fact No.

8

4.] Nonetheless, Defendant made no effort to warn its customers, even though a Door Dash driver had already slipped and fallen due to black ice on the sidewalk over an hour before Plaintiff. [Supp. Fact No. 5.][4]

Defendant admits that, if no ice melt was applied, it did not satisfy its duty to warn customers of a hidden danger:

> Q …Does Black Bear Diner believe it has a duty to warn its customers of any danger that cannot be immediately rectified?
>
> MR. DeWITT:   Object to form. Go ahead.
>
> THE WITNESS:   As…reasonably as we can, yes.
>
> \*\*\*
>
> Q …Black Bear Diner believes it's met its burden because it believes that Larry put down ice melt where Ms. Kime fell; correct?
>
> A   Correct.
>
> Q   So, if he didn't do that, if you take away that, did Black Bear Diner meet its burden?
>
> MR. DeWITT:   Object to form. Beyond the scope. Go ahead.
>
> THE WITNESS:   No.

---

[4] The fact of the prior fall distinguishes this case from Dover v. W.H. Braum, Inc., 2005 OK 22, 111 P.3d 243 and McClendon v. McCall, 1971 OK 123, 489 P.2d 756, two of the other cases cited by Defendant. Notably, "the specific knowledge of the black ice on the part of the invitor" gives rise to "a duty to warn." See Dover at ¶ 11, 246-7 (citing Beatty v. Dixon , 1965 OK 169, 408 P.2d 339 for the proposition that "the basis of the invitor's liability for injuries sustained by an invitee on the premises is the owner's superior knowledge of the danger"). Thus, under the circumstances presented here, Defendant clearly owed—and breached—a duty to Plaintiff.

[Exhibit 2, Guido depo., 152:12-154:23.] Yet, Defendant's assertion that ice melt was applied before Plaintiff fell is based on nothing more than hearsay. [*See* Exhibit 2, Guido depo., 117:8-15, 118:1-119:18, 135:10-136:11, 139:9-140:8, 151:1-19, 153:18-154:1.][5] Plaintiff did not see any ice melt. [*See* Exhibit 1, Kime depo., 17:1-23, 34:24-35:23.] And, Defendant did not document whether it applied ice melt or not. [*See* Supp. Fact No. 3.][6]

As demonstrated above, whether Defendant owed and/or breached its duty to Plaintiff depends on the credibility of the witnesses and/or the weight of the evidence. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); *see also* U.S. *ex rel.* RCO Constr., LLC v. Fed. Ins. Co., -- F.Supp.3d--, 2022 WL 1436846 at *11 (N.D. Okla. May 3, 2022) ("Where the dispute rises and falls on the weight or credibility of certain evidence, a genuine dispute of material fact exists and summary judgment is not appropriate, because 'determining the weight and credibility of the evidence is within the sole province of the jury.'") (quoting U.S. v. Garza,

---

[5] "Hearsay testimony cannot be considered because a third party's description of a witness's supposed testimony is 'not suitable grist for the summary judgment mill.'" Wright-Simmons v. City of Oklahoma City, 155 F.3d 1265, 1268 (10th Cir. 1998) (quoting Thomas v. IBM, 48 F.3d 478 (10th Cir. 1995)).

[6] A surveillance video of the exterior of the Diner does show an employee putting ice melt down **after** Plaintiff fell. [*See* Exhibit 7, Video of Plaintiff's Fall.] The surveillance video of the Door Dash driver's fall shows no such thing. [*See* Exhibit 8, Video of Door Dash driver's fall.] [*See also* Notice of Conventional Filing (Doc. 30).]

10

990 F.2d 171 (5th Cir. 1993)). Defendant is therefore not entitled to summary judgment on the issue of liability.

### II. Defendant is not entitled to summary judgment on the issue of punitive damages.

Under the circumstances presented here, Defendant's failure to address the black ice may be deemed reckless, so as to warrant punitive damages. First, whether Defendant complied with its own written and unwritten policies regarding the removal of slip-and-fall hazards is unknown. [*See* Supp. Fact Nos. 1-3.] Second, Defendant was on notice of a prior fall [*see* Supp. Fact No. 5], yet did **nothing** to warn its customers of the hidden danger [*see* Supp. Fact No. 4]. A jury could reasonably determine from these facts that Defendant was aware, but did not care, that customers could fall and injure themselves on the premises.

Punitive damages are available under Oklahoma law where, as here, "there is competent evidence of a reckless disregard by the defendant of the plaintiff's rights from which malice and evil intent may be inferred." Badillo v. Mid Century Ins. Co., 2005 OK 48, ¶ 64, 121 P.3d 1080, 1106. "One acts with reckless disregard if he was either aware, or did not care, that there was a substantial and unnecessary risk that his conduct would cause serious injury to others…. [T]he conduct must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person." Therrien v. Target Corp., 617 F.3d 1242, 1259 (10th Cir. 2010) (quotations, citations & alterations omitted). These elements are established here. Furthermore, a jury may award punitive damages based on "[t]he seriousness of the hazard to the public arising from the defendant's misconduct," "[t]he duration of the

misconduct," "[t]he degree of the defendant's awareness of the hazard," and "[t]he attitude and conduct of the defendant upon discovery of the misconduct." 23 O.S. § 9.1(A)(1), (3), (4) & (5). Evidence exists as to all these factors as well.

While Plaintiff appreciates that Defendant cannot control the weather, it can—and **must**—control the conditions on its premises for the safety of its customers. [*See also* Exhibit 2, Guido depo., 160:6-14, 163:5-20.] Defendant admits Plaintiff's accident was preventable. [Exhibit 2, Guido depo., 170:25-171:4.] But, instead of doing "everything possible" to warn Plaintiff of the hidden danger of black ice and/or to prevent her fall, Defendant instead blames Plaintiff for failing to do "everything possible" to keep from falling, even though **she could not see any ice where and when she fell**. [*See* Exhibit 2, Guido depo., 165:2-167:9.] Indeed, Defendant does not accept any responsibility for Plaintiff's slip-and-fall whatsoever. [*See* Exhibit 2, Guido depo., 147:5-150:9, 175:15-176:11.] This position is patently unreasonable.

In any event, summary judgment is not warranted here because "punitive damages, like compensatory damages, do not stand alone as a separate cause of action; they constitute an element of damage subject to proof in connection with [Plaintiff's] negligence claim." *See* Deela v. Annett Holdings, Inc., 2019 WL 5580095 at *2 (E.D. Okla. Oct. 29, 2019) (citing Nelson v. Am. Hometown Publ'g, Inc., 2014 OK CIV APP 57, 333 P.3d 962) (quotations & alterations omitted). "[T]here is little danger of prejudice in waiting for the facts to be presented to the jury. A decision regarding a punitive damages instruction can be made at that time." Id. (quoting Longoria v. Khachatryan, 2016 WL 5372831 (N.D. Okla. Sept. 26, 2016)). Indeed, this is the prudent course of action, as "proof for punitive

damages will probably overlap with that of the underlying cause of action." See <u>Rodebush v. Okla. Nursing Homes, Ltd.</u>, 1993 OK 160, ¶ 23, 867 P.2d 1241, 1247-8.

<u>**Conclusion**</u>

As demonstrated above, the jury must determine whether Plaintiff slipped on a "natural accumulation" of ice or on "black ice." The jury must also determine whether Black Bear Diner knew about the ice in time to warn Plaintiff of same and/or prevent her slip-and-fall. Finally, the jury must determine whether Black Bear Diner's failure to prevent Plaintiff's slip-and-fall was reckless. In cases such as this, "[a]ppropriate deference to [the] jury's role is essential." <u>RCO Constr.</u> at *11. Defendant's Motion for Summary Judgment should therefore be denied in its entirety.

                                      Respectfully submitted,

                                      MILLER JOHNSON JONES
                                      ANTONISSE & WHITE, PLLC

By:   *s/Brad Miller*
        Brad Miller, OBA #11437
        Grace Dawkins, OBA #32764
        500 NW 6th Street, Suite 300
        Oklahoma City, OK 73102-1219
        Telephone: (405) 896-4388
        Fax: (405) 609-2995
        bmiller@mjjaw.com
        gdawkins@mjjaw.com
        ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on September 1, 2022, this document was transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Derrick T. DeWitt, OBA #18044
L. Grant Gibson, OBA #33513
DeWitt Paruolo & Meek
P.O. Box 138800
Oklahoma City, OK 73113
Telephone: (405) 705-3600
Fax: (405) 705-2573
dewitt@46legal.com
ggibson@46legal.com
***Attorneys for Defendant***

*s/Grace E. Dawkins*
Grace E. Dawkins
